UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN ZOURAS, LLP, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-2357 |
| v. | : | (MANNION, D.J.) |
| | | (CARLSON, M.J.) |
| THOMAS MORE MARRONE, et al., | : | |
| Defendants | : | |

## O R D E R

Pending before the court is the June 9, 2021 report of Magistrate Judge Martin C. Carlson, (Doc. 31), which recommends that the court deny the plaintiff Stephan Zouras, LLP's motion for preliminary injunction, (Doc. 19), seeking the court to direct the defendants to set aside in escrow the sum of $573,000, which is equal to the total amount of its current claim in this attorney's fee dispute litigation. The defendants, Thomas More Marrone and Moremarrone, LLC, have filed limited objections to the report, (Doc. 35), but do not object to the reports' recommendation that the plaintiff's motion be denied. The plaintiff has not filed any objections to the report. Nor as the plaintiff responded to the defendants' objections. Upon review, the report of Judge Carlson will be adopted insofar as it recommends the denial of

plaintiff's motion, and the defendants' limited objections will be sustained, in part, to the extent that they seek the court to decline the recommendation that they be directed to increase the amount of money they have escrowed from $325,052.70 to $336,277.50, based upon new evidence presented to this court that was not available to Judge Carlson.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and

Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.[1]

In Reilly v. City of Harris., 858 F.3d 173, 179 (3d Cir. 2017), the Court explained that:

> a movant for preliminary equitable relief must meet the threshold for the first two "most critical" factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.

The report provides a thorough analysis regarding the first two essential elements necessary for the plaintiff to prevail on an injunction motion. Specifically, the report finds that "the parties' own casual approach to the formation of their co-counsel fee sharing relationship [in Smiley] [in

---

[1] Since the report details the complete background of this case, the court does not repeat it herein. Also, since this court was reassigned the underlying case of Smiley v. E.I. Du Pont De Nemours and Co., Civil No. 3:12-CV-2380, M.D. Pa., after Judge Munley passed away, it is fully aware of the facts, including the fact that the attorney parties in the instant case were co-counsel for the successful plaintiff class in Smiley.
Also, since the report states the correct legal standard as well as the correct case law regarding the analysis of the plaintiff's motion for preliminary injunction under Rule 65, they will not be repeated herein.

which the terms of the parties' fee sharing agreement are "mired in ambiguity"] makes any predictions regarding success on the merits wholly speculative", and that it is not possible to find "a showing of substantial likelihood of success on the merits has been made [in this case] at this time." (Doc. 31 at 15).

The report also finds that the plaintiff has failed to show that it will suffer irreparable harm if an injunction does not issue since "it is clear that the plaintiff seeks financial compensation from the defendants in the form of money damages." The report also finds that, "the parties have shown themselves readily capable of calculating the proposed proper measures of their damages with precision, in sums that range between $336,000 and $573,000" and, "[t]hus, [concludes] that this is a case in which the ready availability of adequate monetary damages belies a claim of irreparable injury." (Id. at 16). No doubt that, "the availability of money damages for an injury typically will preclude a finding of irreparable harm." *Id*. at n.4 (citations omitted). The report also correctly recognizes that although plaintiff is correct that the dissipation of assets may constitute an irreparable harm justifying preliminary injunctive relief, "the plaintiff has not shown that this principle has any application here" since "the Moremarrone law firm has set aside [$325,052.70] in escrow as a hedge against the outcome of this litigation",

and "there is no showing that Moremarrone would be unable to pay any eventual award in this case should the amount of the plaintiff's recovery exceed this escrowed sum." Therefore, the report concludes that "the [plaintiff] law firm simply has not made the showing of irreparable harm that is necessary to secure an order freezing $573,000 held by the defendants at this early stage of the litigation." (Doc. 31 at 16-17).

Since the plaintiff has failed to meet its burden as to the first two essential elements, the court need not consider the last two elements. *See* Reilly, *supra*. Nonetheless, in his report, Judge Carlson did discuss the last two factors and finds that these factors also do not weigh in favor of granting plaintiff's motion. (Id. at 17-18). The court adopts this analysis and will not repeat it.

Finally, the court will not adopt the report's recommendation that the defendants be directed to increase the amount that they have already voluntarily escrowed, i.e., increase the amount of $325,052.70 to $336,277.50, since the defendants have now shown that this latter amount is not the correct amount of the plaintiff firm's lodestar claim as alleged to Judge Carlson. The defendants state that their exhibits attached to their objections indicate that according to the plaintiff's own billing records, the plaintiff "spent a total of 471.5 billable hours working on the Smiley action for

- 5 -

an alleged lodestar of $305,792.50", and thus, "the amount held in escrow [by defendants] already *exceeds* Plaintiff's alleged lodestar for work performed in the Smiley action." The plaintiff has not responded to this contention made by the defendants in their objections and therefore it will be adopted for purposes of this order only.

    Second, the defendants seek clarification regarding the report to show that they do not believe that plaintiff's purported lodestar amount should be paid to Plaintiff. Rather, the defendants point out their position is that based upon the terms of the agreement between themselves and David Cohen, they had "complete discretion to determine the amount of the fee payable to David Cohen for services rendered in the Smiley action." Since there is nothing in this purported objection that effects the court's determination of whether a preliminary injunction should issue, it will be dismissed as superfluous. Needless to say, the court recognizes that the defendants' position in this case is that "[they] do not agree that Plaintiff is entitled to receive Plaintiff's alleged lodestar in the Smiley action." Whether or not this position has merit will await another day for determination.

    In short, the court has reviewed the submissions of the parties regarding the plaintiff's motion for preliminary injunction as well as the report and finds that the relevant issues were thoroughly addressed by Judge

Carlson in his report. The court also finds no clear error of record with regard to Judge Carlson's findings regarding the plaintiff's motion for preliminary injunction. Moreover, the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report. As such, the court will adopt the report of Judge Carlson, to the extent that it recommends the denial of plaintiff's motion for preliminary injunction, as the decision of the court.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** The defendants' limited objections to the report and recommendation of Judge Carlson, **(Doc. 35)**, are **SUSTAINED in part**, insofar as the defendants will not be directed to increase the amount of money they have already put in escrow pending the outcome of this litigation.

**(2)** The report and recommendation of Judge Carlson, **(Doc. 31)**, to the extent that it recommends the denial of plaintiff's motion for preliminary injunction, is **ADOPTED in its entirety**, as the ruling of the court.

**(3)** The plaintiff's motion for preliminary injunction, **(Doc. 19)**, is **DENIED**.

**(4)** The clerk of court is directed to **REMAND** this case to Judge Carlson for further proceedings.

                                        *s/ Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States District Judge**

**Date: January 11, 2022**
20-2357-02