IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHAN ZOURAS LLP,** | : | Civ. No. 3:20-CV-2357 |
| | : | |
| **Plaintiff,** | : | (Judge Mannion) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **THOMAS MORE MARRONE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# MEMORANDUM AND ORDER

## I. Background

This case, which comes before us for consideration of a motion to strike what are described as the improper opinions set forth in the expert report of a potential defense witness, Michael Donovan, continues to illustrate some of the less attractive aspects of our profession. (Doc. 77). The adversaries in this litigation, the Zouras and MoreMarrone law firms, were once allies in a great litigative victory, in that they were co-counsel for the plaintiff class in Smiley v. E.I. Du Pont De Nemours and Co., Civil No. 3:12-CV-2380. That Fair Labor Standards Act lawsuit concluded with a significant victory for the plaintiffs, a victory which resulted, in part, in an aggregate attorneys' fee award of $1,793,423.00 for all plaintiffs' counsel, a sum which was entrusted to the MoreMarrone law firm for disbursement.

One might have thought that these erstwhile legal allies could have found a

1

way to equitably divide nearly $1.8 million in fees, but they have not. Instead, this victory has now turned these attorney allies into adversaries, and this success has spawned bitter strife between counsel. The nature of the dispute that divides formerly allied counsel involves allocation of these legal fees and competing claims for shared paternity of the victory in the Smiley case. In essence, the MoreMarrone and Zouras law firms dispute what is the appropriate share of these fees that should be paid to the Zouras firm. In this regard, the plaintiff, Stephan Zouras LLP, contends that it is entitled to fees totaling at least $573,000, representing what it alleges was its *pro rata* share of the entire fees award, as a result of its work in the Smiley case. The defendant, MoreMarrone LLC, disagrees with this assessment and has placed a more modest sum, $325,502.70, in escrow for payment to the Zouras firm. According to the MoreMarrone firm, this escrowed sum was intended to fairly compensate the plaintiff by setting aside for the Zouras firm a sum of money equal to the amount of the lodestar legal fees claimed by that firm in the fees petitions filed in the Smiley litigation.

    The parties in this litigation have been engaged in a somewhat contentious course of discovery. As part of this disputatious discovery, on August 22, 2022, the Marrone defendants produced an expert report authored by Attorney Michael Donovan. In this report Donovan expresses the view that "as a matter of law firm economics" that "all of the risk of nonpayment that could merit an award of fees

beyond lodestar [in Smiley] was incurred… from an economic perspective during the 2012 to July 2018 time period" so Zouras, which entered its appearance in Smiley after July 2018, "did not earn and should not be paid any attorney's fee beyond the reasonable lodestar they billed." (Doc. 77-5).

The plaintiffs have now filed a motion to strike which invites the court "to enter an Order striking from the evidentiary record the improper opinions found in Michael Donovan's expert report on p. 9 (¶¶15-17) and p. 10 (¶¶20-21) so they may not be referenced in any filing or proceeding in this action" (Doc. 77 at 1). While cast as a motion to strike, this pleading which challenges the admissibility of an expert opinion, is more properly cast as a motion *in limine* which seeks to exclude evidence at trial.

Construed in this fashion, for the reasons set forth below, we believe that the motion is premature. Rather, this motion should be pursued, if necessary, as a motion *in limine* following the resolution of the pending summary judgment motions, and this motion should be directed to the attention of the presiding district judge at that time. Accordingly, we will deny this motion to strike without prejudice to renewal as a motion *in limine* at an appropriate time following the resolution of the pending summary judgment motions.

## II.   Discussion

Our consideration of the instant motion to strike is guided by several factors,

all of which suggests that this motion to strike should denied at this time, and the question of the admissibility of the Donovan report should be deferred until the time of trial. At the outset, resolution of this motion, which seeks to exclude expert testimony, is guided by the analytical paradigm for the assessment of expert opinions prescribed by Rule 702 of the Federal Rules of Evidence and the United States Supreme Court in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), which call upon us to perform a gatekeeping function when evaluating proposed expert testimony and consider: "(1) the qualifications of the expert, (2) the reliability of the process or technique the expert used in formulating the opinion, and (3) the 'fit' between the opinion and the facts in dispute." Buzzerd v. Flagship Carwash of Port St. Lucie, Inc., 669 F. Supp. 2d 514, 519 (M.D. Pa. 2009) (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-47 (3d Cir. 1994) ("Paoli II")). The resolution of these issues rests in the sound discretion of the trial judge but given the constellation of factual matters which Daubert invites us to consider, we have been cautioned that "[i]t would appear that the most efficient procedure that the district court can use in making the reliability determination is an *in limine* hearing." United States v. Downing, 753 F.2d 1224, 1241 (3d Cir. 1985).

 This determination of the admissibility of an expert opinion is a task which typically should be undertaken through an evidentiary proceeding prior to trial since

4

the guiding rule, Rule 702 of the Federal Rules of Evidence, calls for a multi-faceted factual analysis of the proffered expert opinion, and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)   that testimony is based on sufficient facts or data;
> (c)   the testimony is the product of reliable principles and methods; and
> (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Following the Supreme Court's guidance in Daubert, the United States Court of Appeals for the Third Circuit has explained that the Rule provides for a "trilogy of restrictions on expert testimony: qualification, reliability and fit." Calhoun v. Yamaha Motor Corp., 350 F.3d 316, 321 (3d Cir. 2003). Under the Rule, the trial judge acts as a "gatekeeper" to ensure that before it is presented to a jury, expert testimony is "both relevant and reliable." Buzzerd v. Flagship Carwash of Port St. Lucie, Inc., 669 F. Supp. 2d 514, 519 (M.D. Pa. 2009) (citing Daubert, 509 U.S. at 589). In cases where a party objects to the admissibility to proffered expert opinion testimony, the trial court must examine: "(1) the qualifications of the expert, (2) the reliability of the process or technique the expert used in formulating the opinion, and (3) the 'fit' between the opinion and the facts in dispute." Id. (citing Paoli II, 35 F.3d at 741-47)). In other words, a qualified expert's "testimony must

[(1)] be based on sufficient facts and data; (2) must be the product of a reliable methodology; and (3) must demonstrate a relevant connection between that methodology and the facts of the case." Jaasma v. Shell Oil Co., 412 F.3d 501, 513 (3d Cir. 2005).

Likewise, the trial judge is uniquely well poised to assess the considerations of relevance and prejudice which inform decisions to allow, or exclude, expert witness testimony. On this score, evaluation of proffered expert witness testimony takes place against the backdrop of rules which generally favor the admission of all relevant information. Thus, Rule 402 of the Federal Rules of Evidence expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir.1996) (citations omitted). While these principles favoring inclusion of evidence are subject to some reasonable limitations, even those limitations are also cast in terms that clearly favor admission of relevant evidence over preclusion of proof in federal proceedings. Thus, Rule 403, which provides grounds for exclusion of some evidence, describes these grounds for exclusion as an exception to the general rule favoring admission of relevant evidence, stating that:

> Although relevant, evidence may be excluded if its probative value *is substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (emphasis added).

Although Rule 403 is discretionary, and often will result in courts deferring until trial rulings on the admissibility of relevant proof, Daubert teaches that trial judges must also be mindful of the influence of expert opinion testimony in jury proceedings: "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing the possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." Daubert, 509 U.S. at 595 (quoting Jack B. Weinstein, Rule 702 of the Federal Rules of Evidence is Sound; It Should Not Be Amended)). Therefore, the presiding trial judge should exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). The trial court may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).

Further, The Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage*.*" In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir.

7

1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859.

In our view, two themes emerge from these guiding legal tenets. First, it is evident that courts should refrain from striking evidence prematurely without the development of a factual record, a task which normally should take place either prior to trial through a motion *in limine* or should be accomplished in the course of the trial itself. Second, and closely related to this first principle is the concept that these fact bound evidentiary rulings should normally be made by the presiding judge at trial.

Taking these considerations into account we will deny this motion to strike without prejudice to renewal as a motion *in limine* at an appropriate time following the resolution of the pending summary judgment motions.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: March 23, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHAN ZOURAS LLP,** | : | Civ. No. 3:20-CV-2357 |
| | : | |
| **Plaintiff,** | : | **(Judge Mannion)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **THOMAS MORE MARRONE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW this 23d day of March 2023, for the reasons set forth in the accompanying Memorandum, IT IS ORDERED that the motion to strike what are described as the improper opinions set forth in the expert report of a potential defense witness, Michael Donovan, (Doc. 77) is DENIED without prejudice to renewal as a motion *in limine* at an appropriate time following the resolution of the pending summary judgment motions.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge