UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHAN ZOURAS LLP, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 20-2357 |
| v. | : | (JUDGE MANNION) |
| THOMAS MORE MARRONE, et al., | : | |
| Defendants. | : | |

### MEMORANDUM

Presently before the court is the report of Judge Carlson, (Doc. 88), which recommends the court grant in part and deny in part the parties' cross motions for summary judgment, (Docs. 78 & 79). Defendants object to Judge Carlson's recommendation that the court deny their motion for summary judgment with respect to Plaintiff's claim for unjust enrichment and *quantum meruit* and grant summary judgment in favor of Plaintiff as to Defendants' liability on that count. (Doc. 90). A review of the record reveals Judge Carlson unerringly found no genuine dispute as to the nonexistence of an oral contract that would preclude Plaintiff's unjust enrichment claim. And there is ample evidence supporting the claim that Plaintiff conferred a benefit on Defendants via its work on the *Smiley* litigation. Thus, the court will **OVERRULE** Defendants' objections and **ADOPT** the report in its entirety.

I. **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D. Pa. Local R. 72.31.

II. **DISCUSSION**[1]

Plaintiff Stephan Zouras LLP brings several claims against Defendants: (1) breach of contract; (2) breach of fiduciary duty; (3) fraud; (4) conversion; (5) unjust enrichment; and (6) *quantum meruit*. (Doc. 1). Plaintiff moved for summary judgment on its unjust enrichment claim.[2] (Doc. 78). Defendants moved for summary judgment on all counts in Plaintiff's complaint. (Doc. 79). Judge Carlson recommends the court grant Plaintiff's motion, in part, as to liability only against Defendants on the unjust enrichment and *quantum meruit* claim. (Doc. 88). Judge Carlson also recommends the court grant Defendants' motion, in part, as to Plaintiff's claims in counts I through IV of the complaint. (Doc. 88). Defendants object to Judge Carlson's recommendations with respect to Plaintiff's unjust enrichment and *quantum meruit* claim. The court will address the objections in turn.

---

[1] Judge Carlson carefully delineated the relevant factual and procedural background of this case in his report, (Doc. 88 at 1–10), which the court will not fully repeat.

[2] In Pennsylvania, unjust enrichment and *quantum meruit* claims are synonymous and properly assessed together. *Rosengrant v. Transcon. Gas Pipe Line Co., LLC*, No. 4:20-CV-01555, 2020 WL 7260997, at *4 (M.D. Pa. Dec. 10, 2020). The terms unjust enrichment and *quantum meruit* are used herein interchangeably and refer to a single claim for relief.

Judge Carlson stated the relevant legal standards pertaining to the parties' cross motions for summary judgment, (Doc. 88 at 10–14), which the court will not fully repeat. With those standards as a background, we turn to the parties' arguments.

### A. There is no genuine dispute regarding the nonexistence of an enforceable contract.

Judge Carlson found Defendants' motion for summary judgment of Plaintiff's unjust enrichment claim should be denied. (Doc. 88 at 22). Defendants argued summary judgment was appropriate because Plaintiff alleged there was an enforceable contract between the two law firms, which, under Pennsylvania law, would preclude a claim for unjust enrichment. *See SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 228 (3d Cir. 2022) (citations and quotation marks omitted). Judge Carlson rejected this argument, explaining it is well-settled in Pennsylvania that a plaintiff may plead contract and *quantum meruit* claims in the alternative. Indeed, "cases are legion permitting just this form of alternative pleading." (Doc. 88 at 20) (collecting cases).

Defendants object to this finding. In doing so, they repeat the same argument they made in their summary judgment briefing. Defendants argue the unjust enrichment claim must be dismissed because "the parties' relationship is governed by an express contract." (Doc. 90 at 2). But

Defendants' objections do not demonstrate error in Judge Carlson's rejection of the same argument.

Defendants have consistently and vociferously defended against this lawsuit by maintaining the parties did not have an enforceable contract governing their relationship with regard to the *Smiley* case. For example, after Plaintiff's Rule 30(b)(6) designee, David Cohen, testified to the existence of an oral fee sharing agreement between the parties, Defendant Thomas Marrone submitted an affidavit swearing that his telephone and email communications with Mr. Cohen "led to an oral agreement . . . where Cohen and I would review damages-related discovery and calculate potential damages for settlement[,] and I would pay Cohen what I determined in my sole discretion to be a fair and reasonable fee for his services following the award of any attorneys' fees." (Doc. 83-1 at ¶14). A promise to compensate someone in a reasonable way, without more, is undoubtedly unenforceable under Pennsylvania law. *See Ecore Int'l, Inc. v. Downey*, 343 F.Supp.3d 459, 489–90 (E.D. Pa. 2018).

Judge Carlson reviewed this evidence, along with several vague and ambiguous emails between the parties, and found there was no valid, enforceable fee sharing contract. (Doc. 88 at 15–18). Defendants do not object to this finding; indeed, it is the finding they sought in their motion for

summary judgment. Nor does Plaintiff object to the nonexistence of an enforceable contract, having conceded to entry of judgment on the breach of contract claim in Defendants' favor. In Rule 56 terms, then, there is no genuine dispute as to the nonexistence of an enforceable fee sharing agreement. The fact that Plaintiff previously alleged there was an oral agreement does not mean it is now foreclosed from maintaining an unjust enrichment claim under Pennsylvania law. As Judge Carlson explained, this argument "rests upon a curious conflation of concepts." (Doc. 88 at 19).

In sum, Defendants have not pointed to any error in Judge Carlson's finding that there exists no enforceable contract that would preclude Plaintiff's unjust enrichment claim. Accordingly, Defendants' objection will be overruled.

### B.  Plaintiff's unjust enrichment theory is supported by record evidence.

Defendants also object to Judge Carlson's report because it declined to dismiss Plaintiff's unjust enrichment and *quantum meruit* claim even though, in Defendants' view, that claim rested on an unpled theory. Specifically, Defendants argue Plaintiff's claim rested solely on the theory that it increased the settlement value in the underling *Smiley* case. But then Plaintiff, "as a backstop," added a new theory of entitlement to a *pro rata* distribution of fees based on lawyer-hours worked when it moved for

summary judgment. Defendants contend Judge Carlson should not have permitted this claim to go forward on the newly raised, unpled theory of unjust enrichment.

This objection fails in the first instance because Plaintiff's alleged entitlement to a *pro rata* share of the *Smiley* fee award was not a new theory raised in its motion for summary judgment. Rather, Plaintiff raised its entitlement to at least a *pro rata* share of the *Smiley* fee award in multiple paragraphs throughout the complaint. (*See, e.g.,* Doc. 1 at ¶¶ 14, 32, 37, 72, 80). This objection also fails because Defendants have not demonstrated error in Judge Carlson's finding that the record contains ample evidence supporting the claim that Plaintiff conferred some benefit on Defendants via its work on the *Smiley* litigation. The value of the benefit is disputed and must be decided by a factfinder.

Thus, the court will overrule Defendants' objection to Judge Carlson's recommendation that the court deny its motion for summary judgment on Plaintiff's unjust enrichment and *quantum meruit* claim.

### III.   CONCLUSION

In light of the foregoing, and after a review of the record, the court will **ADOPT** Judge Carlson's report in its entirety. (Doc. 88). The court will

**GRANT,** in part, Plaintiff's motion for summary judgment of its unjust enrichment and quantum meruit claim as to liability only. The court will **GRANT**, in part, Defendants' motion for summary judgment of all of Plaintiff's claims except its unjust enrichment claim. An appropriate order follows.

/s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 9, 2023**
20-2357-01